Turley, J.
delivered the opinion of the court.
The plaintiff sued the defendant, as endorser of a bill single. The action is assumpsit. The declaration charges the endorsement to have been made, waiving the necessity of demand and notice. The defendant craves oyer of the endorsement, and it is read to him, in the following words:
“For value received, I assign the within note to Willis Jones, and waive the necessity of notice or demand on the same, either in law or equity, this the 25th day of September, 1837.
Charles Lowe, D.”:
and demurs generally. This demurrer is sustained by the court below. And for what reasons we should certainly have never found out, had it not been from the argument of the case.
From that we learn, that the assignment was supposed to be under the seal of the assignor; and that, therefore, the action of assumpsit was not sustainable. To this view of the case there are, in our opinion, two unanswerable objections:
1st. We cannot see upon what ground the assignment was held to be under seal. The declaration does not so describe it, nor the demurrer. And the thing at the end of the endorser’s name, which looks very much like the letter D, we cannot, under the circumstances of the case, consider a seal.
2. But if it were a seal, we hold, that it would make no difference, in as much as there is no covenant or express contract in the endorsement, to which it would apply. It is an endorsement, passing the right to the bill single, waiving the necessity of demand and notice: but for this waiver, the endorser would have been responsible upon the dishonor of the bill, upon legal *334 demand and notice. With this waiver here, he is responsible without it. This responsibility has always been held, not to be direct and immediate by the contract of the parties, but collateral and by operation of law. In such cases, we have held, that assumpsit is the only remedy. The liability being by operation of law, a seal can give no greater validity to it, and will be rejected as surplusage. If there had been in this assignment a guaranty, or any thing else, creating an obligation on the endorser greater than the law created, a seal could not be rejected, because it makes the special contract of higher dignity, and in that case, assumpsit would not lie, but covenant.
The judgment of the Circuit Court is, therefore, reversed, and case remanded for an inquest of damages.